## STATE vs. RODRIGUEZ.

HORSE-STEALING. The attorney-general offered *viva voce* evidence of what the prisoner had said, when brought before the magistrate previous to his commitment, relying on 2 *Hawk. P. C.*

*Viva voce testimony of prisoner's examination, rejected.*

SPRING 1812.
I. District.

STATE
vs.
RODRIGUEZ.

304. It did not appear whether the magistrate had committed the declarations of the prisoner to writing.

*Rodriguez*, for the prisoner. The testimony cannot be received. The confession of the defendant himself, in discourse with private persons, or before a magistrate, *if not taken in writing*, has always been received against him. *M'Nally's P. C.* 40. Hence, it follows, that if it be taken in writing, it cannot be received : and the proof that it was not, lies on the attorney-general.

THE rule of law is the compass by which the court is to be guided. What a prisoner says, in other places, may undoubtedly be received upon *viva voce* testimony ; but as the law requires that his examination before the magistrate, should be reduced to writing and returned to the court, the particulars of such examination cannot be given in evidence *viva voce*, unless it be clearly proved that in fact such examination never was reduced to writing. *Jacob's case*, 1 *Leach*, 349.

IN *Hinkman's case*, *id. in notis*, the prisoner had made a confession before a justice of the peace, but his examination was not returned, and it was uncertain whether it had been reduced to writing. It was objected on the authority of *Jacob's* case, that parol evidence could not be given of any thing which had been disclosed by the pri-

soner before the magistrate : for that it would be
permitting his negligence and breach of duty to operate to the prejudice of the prisoner ; as a wit-
ness, by selecting only part of what was said, or using different words, might give a different colour to the fact. The court refused the oral testimony.

IN *Fisher's* case, *idem*, there being no evidence t hat the examination was not reduced to writing, *viva voce* testimony of it was rejected. *Bacon* goes farther, for he states absolutely, that if the confession be not reduced to writing, it cannot be used against the accused. 2 *Bacon's Abridg.* 604.

*By the Court.* It is very clear that we cannot admit the witness, and that the case cited by the attorney-general must be taken as a general rule, to which those produced by the prisoner's counsel form an exception. The superior court of North-Carolina, in the case of *the state* vs. *Grove, Martin's Notes*, 43, refused to receive the testimony of the committing magistrate, who had neglected to reduce to writing the declaration of the prisoner before him ; neither would they consent that he should write it down in court.

IN this state, the case differs very much from a similar one in England. Our statute, 1805, *ch.* 8, requires the magistrate to take the declarations of the prisoner in writing, *and cause them to be sub-*

SPRING 1812.
I. District.

STATE
vs.
RODRIGUEZ.

*scribed by the declarant*, in his presence.   It does not put so much confidence in the magistrate, as to allow him to state the prisoner's declarations, in such a manner as to render the statement legal and authentic, without the prisoner's concurrence, His signature is essentially requisite: without it. the examination must be rejected.   It may well be doubted whether, while the law so carefully provides for the safety of the accused, against the great facility with which words may be misrepresented, and his declaration coloured, whether the decision in the case of the *State* vs. *Grove* is not much more consonant to the strict principles of justice, than any of those which have been read. If it were to be adopted, the magistrates would be less remiss in their duty.   However, this point is not now to be decided.   There is no proof that the magistrate did not comply with the act of assembly, and the presumption is that he did.   The testimony offered must therefore be rejected.